J-S25001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL WEIMER, | |
| Appellant | No. 336 WDA 2013 |

Appeal from the Order dated January 4, 2013
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001941-1992

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 09, 2015**

Appellant, Paul Weimer, appeals from the trial court's order denying his petition for expungement. After careful review, we affirm.

Appellant filed a *pro se* motion to expunge a portion of his criminal record,[1] which was denied by the trial court by order dated January 4, 2013.[2] The trial court docket indicates that this order was issued by Court of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant seeks to have expunged charges from 1992 (based upon conduct alleged to have occurred in 1989) that were *nolle prossed* as a result of a negotiated plea agreement entered in 1993. No further action has been taken by the Commonwealth to pursue those charges.

[2] The order denying Appellant's expungement petition was dated January 4, 2013, but docketed on January 7, 2013. The trial court docket does not indicate the date on which Appellant filed his petition, nor does that petition appear in the certified record.

Common Pleas Judge John. F. DiSalle. On February 4, 2013, Appellant filed a timely, *pro se* notice of appeal from the trial court's order denying the petition for expungement. For the previous 2½ years, however, this matter has remained in limbo due to numerous issues, as set forth in the following procedural history.

On April 12, 2013, the trial court purportedly issued an order for Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant maintains that he did not receive a copy of the order. Although a docket entry from the trial court indicates that Judge DiSalle issued a concise statement order on April 12, 2013, no such document exists in the certified record.

This Court issued notice of a delinquent record to the trial court on May 6, 2013. Subsequently, on January 15, 2014, Appellant filed a motion to compel the trial court to issue an order for Appellant to file a Rule 1925(b) statement, a motion to compel the trial court to comply with our May 6, 2013 notice, and a motion to compel the trial court to reveal the name of the judge who issued the January 2013 order denying expungement. In response, this Court issued the following order:

> Upon consideration of Appellant Weimer's January 15, 2014 "Motion to Compel the Name of the Judge that Issued the Expungement Denial; Compel Said Judge to issue an[] Order for Appellant's Concise Statement of Matters; and Compel the Lower Court Pursuant to Pa.R.A.P. 1931 Governing the Transmission of the Record from the Trial Courts to the Appellate Courts and Hold the Lower Court in Contempt in Having Violated the Prothonotary's Notice of Delinquent Record Pursuant to Pa.R.A.P. 1935(a)," the motion is **DENIED**. As the record was due in this Court on April 5, 2013, it is hereby **ORDERED** that the trial court

is directed to complete, certify, and transmit the record to this Court forthwith.

Superior Court Order, 1/27/14, at 1.

Appellant then filed an "Application for Clarification," seeking again to determine which trial court judge had issued the order denying his expungement petition. He also filed a motion seeking the appointment of counsel. This Court responded to these matters as follows:

> Upon consideration of Appellant Weimer's January 22, 2014 "Petition for Appointment of Counsel for Appeal," the petition is DENIED WITHOUT PREJUDICE to [A]ppellant's right to seek the appointment of counsel in the lower court. Should the lower court deny Appellant's request for counsel, Appellant may again seek counsel in this court once the original record has been transmitted to this court.
>
> Upon consideration of Appellant's January 28, 2014 letter addressed to a deputy prothonotary of this Court, docketed by the prothonotary as a January 31, 2014 "Application for Clarification," it is hereby noted that Judge John DiSalle is now listed on the lower court docket. Previously it appears that Judge Gladden was presiding.

Superior Court Order, 2/10/14, at 1.

On February 28, 2014, the trial court issued its Rule 1925(a) opinion. Therein, the court concluded Appellant waived all of his claims due to his failure to file a Rule 1925(b) statement in compliance with the court's April 2013 order. Trial Court Opinion, 2/28/14, at 2-3. The court recommended that the instant appeal be "quashed and dismissed" on that basis. *Id.* at 3.

On March 17, 2014, Appellant responded to the trial court's opinion by filing a motion in the lower court to rescind the opinion based on the trial court's failure to serve him with the concise statement order purportedly

- 3 -

issued in April of 2013. That motion was ultimately denied on August 11, 2014. Appellant also filed an ostensibly untimely Rule 1925(b) statement on April 4, 2014.

Also on April 4, 2014, the trial court sent an incomplete certified record to this Court. On April 16, 2014, this Court issued an order directing the Washington County Clerk of Courts to "determine the state of the original record and complete, certify, and transmit a supplemental record to this Court of materials constituting the original record not yet transmitted." Superior Court Order, 4/16/14, at 1. A supplemental record was not transmitted to this court until January 16, 2015. The supplemental record, as noted above, lists a docket entry for an order by the trial court directing Appellant to filed a Rule 1925(b) statement; however, no corresponding order appears in the certified record.

Appellant again sought relief in this court due to the trial court's purported failure to issue a Rule 1925(b) order directing him to file a concise statement. **See** Appellant's Application For Extraordinary Relief, filed 4/25/14. We denied Appellant's application without prejudice "to Appellant's right to raise all properly preserved issues in Appellant's brief." Superior Court Order, 5/21/14, at 1.

On September 3, 2014, Appellant filed in the trial court a motion for recusal directed at Judge DiSalle. The proffered basis for recusal was that Judge DiSalle was an Assistant District Attorney for Washington County who had prosecuted Appellant's 1992 case, who negotiated Appellant's plea

agreement at that time on behalf of the Commonwealth, and who had stipulated at the corresponding sentencing hearing that Appellant's plea did not involve any sexual conduct or activity.[3] On November 25, 2014, the trial court issued the following order:

> AND NOW, this 24th day of November, 2014, upon consideration of [Appellant]'s request for recusal in his letter to this Court dated August 11, 2014, and a lengthy search for the records in this matter from the District Attorney's office, Although [sic] the Court has no recollection of being involved in the prosecution of this case, the Court was employed by the District Attorney's office at the time of [Appellant]'s sentencing, which according to the Docket, occurred on May 10, 1993, but the transcript provided by [Appellant] shows the date as being May 10, 1998, the Court hereby GRANTS [Appellant]'s request for recusal and hereby ORDERS that the order filed January 7, 2013 is VACATED and that a new judge be assigned to this matter.

Trial Court Order, 11/25/14, at 1.

Subsequently, on December 22, 2014, this Court issued an order which, *inter alia*, acknowledged Judge DiSalle's November 25, 2014 order, but noted that the trial court lacked jurisdiction to modify that order pursuant to 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

_____

[3] At Appellant's 1998 sentencing hearing, defense counsel stated that Appellant's plea to furnishing alcohol to minors "would not be in regards to any alleged sexual conduct or activity," to which then A.D.A. DiSalle responded, "We are willing to stipulate to that." N.T., 5/10/98, at 4.

The Washington County Clerk of Court finally transmitted a supplemental certified record to this court on January 16, 2015. Appellant filed his brief on February, 22, 2015. Therein, he presents the following questions for our review:

I. Whether the trial court abused it's [sic] discretion to deny [the] Petition for Expungement of Nolle Prosequi charges where expunction should be granted?

II. Whether the trial court abused it[]s discretion to deny [the] Petition for Expungement of Nolle Prosequi charges where the Commonwealth failed to meet it's [sic] burden of justifying the retention of the arrest records through due process?

III. Whether the trial court committed reversible error as a matter of law by first denying Appellant's Petition for Expungement without a hearing to determine the factors set forth in *Commonwealth vs. Wexler*, 494 Pa. 325, 431 A.2d 877 (Pa. 1981)?

IV. Whether the trial court abused it's [sic] discretion in denying Appellant's Petition to proceed In Forma Pauperis when Appellant is indigent to pay [sic] the filing fee associated with Appellant's Petition for Expungement?

V. Whether the trial court through bias, ill will and partiality authored an Opinion frivolous to the law suggesting that Appellant's appeal be dismissed and quashed for failing to file a Concise Statement of Matters pursuant to the Lower Court's April 12, 2013 Order concerning the 1925(b), where Appellant requested the same to this Court and verified never receiving said Order as verified by the SCT-Fayette Department of Corrections Officials, and was properly filed through due diligence thereafter, was an abuse of office through Official Oppression and an abuse of discretion clearly made intentional against Appellant?

VI. Whether the Superior Court of Pennsylvania has the power and jurisdiction to remedy a constitutional issue that was previously ruled on by the Third Circuit Court of Appeals concerning the exact wrongful classification Appellant is once

again experiencing, where the record demonstrates and the issue was preserved in the lower court?

VII. Whether this Superior Court can, as a matter of law, separate the grounds and reason for expungement between the **Wallace** case,[4] where Appellant's case differs completely until the term incarceration is used, where the Supreme Court never addressed previously filed or pending cases of expungements by incarcerated individuals, or where constitutional grounds cannot be raised or considered where a petitioner is being harmed by such retention of disposed/unrelated charges?

Appellant's Brief, at 3-4 (unnecessary capitalization omitted). For the reasons that follow, we will not address each of Appellant's claims, although we do, to some extent, address the issues raised in his sixth and seventh questions presented for our review.

As a preliminary matter, we address the issue of waiver. It is well-established that "[a]ny issues not raised in a 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). In **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005), our Supreme Court applied Lord's bright-line waiver rule to untimely filed 1925(b) statements. Here, the trial court found that Appellant waived all claims because he did not comply with the court's April 12, 2013 order, as he did not file his Rule 1925(b) statement until April 4, 2014.

As this Court has noted, "[t]he decision of the Supreme Court in … **Lord** … established a bright-line rule for Rule 1925 compliance mandating a finding of waiver of all issues on appeal *in the event of non-compliance with*

_____

[4] **Commonwealth v. Wallace**, 97 A.3d 310 (Pa. 2014).

*Rule 1925.*" ***Commonwealth v. Burton***, 973 A.2d 428, 430 (Pa. Super. 2009) (footnote omitted) (emphasis added). Here, because the certified record does not contain the order in question, we hold that ***Lord***'s bright-line waiver rule is inapplicable. Appellant cannot be held accountable for his failure to comply with an order that does not exist in the certified record. "[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue." ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006). "Simply put, if a document is not in the certified record, the Superior Court may not consider it." ***Id.*** at 7. Accordingly, we decline to find waiver.

However, the Commonwealth asserts, pursuant to ***Commonwealth v. Wallace***, 97 A.3d 310, 312 (Pa. 2014), that Appellant is not due any form of relief on appeal from the trial court's order denying his petition for expungement because he is currently incarcerated. We are constrained to agree. In ***Wallace***, an inmate sought expungement of his non-conviction arrest records. After balancing the interests of the individual against the Commonwealth, our Supreme Court held that "an inmate does not have the right to petition for expungement while incarcerated." ***Wallace***, 97 A.3d at 322. The holding in ***Wallace*** was driven by an analysis set forth in ***Commonwealth v. Wexler***, 431 A.2d 877 (Pa. 1981). In ***Wexler***, our Supreme Court recognized that:

> [I]n certain circumstances substantive due process guarantees an individual the right to have his or her arrest record expunged. In determining whether justice requires expungement, the

Court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.

*Id.* at 879.

Among the factors to be considered by a court in balancing these interests are:

1) the strength of the Commonwealth's case; (2) the Commonwealth's reasons for wishing to retain the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time between the arrest and the petition to expunge; and (5) the adverse consequences the petitioner may endure if expungement is denied.

*Wallace*, 97 A.3d at 314 (citing *Wexler*, 431 A.2d at 879).[5]

In reaching its conclusion that an inmate has no right to petition for expungement, the *Wallace* Court essentially found that an individual's incarcerated status was a dispositive factor under the *Wexler* balancing test. Although the *Wallace* Court recognized Wallace's reputation as a protected private interest in this Commonwealth, the Court found this factor was outweighed by many other considerations. First, the court found that the risk of erroneous deprivation of the appellant's reputation interest was "slim." *Wallace*, 97 A.3d at 321. The *Wallace* court recognized denial of an inmate's petition for expungement is not the final word on the subject of

_____

[5] Although not specifically mentioned by the *Wallace* Court, the *Wexler* Court noted that "this is not necessarily an exclusive or exhaustive list; other factors may require examination in a particular case." *Wexler*, 431 A.2d at 879.

expungement, as there would be no obstacle to the same inmate seeking expungement after he or she is released from custody. *Id.* Furthermore, the Court found that the impact on Wallace's reputation from the expungement of non-conviction arrest records would be minimal in comparison to the effect on his reputation caused by the convicted offenses for which Wallace was still serving a sentence of incarceration. *Id.*

The ***Wallace*** Court also found that the Commonwealth had a "compelling interest in retaining the records" because, among other things, a complete criminal history record may be needed in order to determine an inmate's eligibility for parole." *Id.* Additionally, the Court considered the cost and security-related burdens placed on the Commonwealth in transporting an inmate to court from prison for purposes of holding an expungement hearing. *Id.* at 321-22.

Many of these same factors apply equally to Appellant and his petition seeking expungement. However, we recognize at least one significant difference. Appellant alleges that the *nolle prossed* charges at issue are *currently* being used against him in "evaluating Appellant's level of Sex Offender Classes where Appellant would have to admit to the same[.]" Appellant's Brief, at 6. This is cause for concern. We do find it unconscionable that Appellant should be compelled to admit to charges, which the Commonwealth *nolle prossed* more than two decades ago, in order to comply with a sexual offender program run by state prison authorities. We are particularly disturbed as this situation is aggravated by

the fact the Commonwealth *nolle prossed* the at-issue charges in exchange for Appellant's plea to a non-sexual offense, and where the Commonwealth even stipulated at the time of sentencing that Appellant's plea was not to be construed as an admission to any alleged sexual misconduct.

However, while expungement *might* assist Appellant in combating this injustice on a rhetorical level, we are not at all convinced that it will compel the specific relief Appellant seeks to gain through expungement. If state prison authorities are currently unfazed by the *nolle prossed* status of the at-issue charges, it is not at all clear to us that expungement of those charges will have the desired effect of relieving Appellant of the burden of admitting to them in order to comply with the institution's sexual offender treatment program. And, even if it did, expungement may constitute over-inclusive relief in light of the general rule announced in **Wallace**, as the Commonwealth's interest in retaining Appellant's non-conviction records is no less compelling than it was in **Wallace**.

To directly address the specific harm complained of, Appellant's remedy, if any, lies within the civil court system in a civil rights action directed at the institution in which he is incarcerated, its officials, and/or the specific managers of the sexual offender program to which he is subject.[6]

_____

[6] We acknowledge Appellant's argument that he previously litigated this matter in the civil courts. In a bench opinion issue by the Third Circuit in 2000, the Court of Appeals found no basis upon which state correctional and parole officials could classify Appellant as a sexual offender. Consequently, *(Footnote Continued Next Page)*

We conclude, therefore, that Appellant has not presented circumstances that would give rise to an exception to the **Wallace** rule. As such, all of Appellant's specific questions presented for our review, although not waived, are nevertheless rendered moot by our decision to apply the **Wallace** rule. Accordingly, we affirm the trial court's order denying Appellant's petition for expungement.

Order **affirmed**. Jurisdiction **relinquished**.

Judge Stabile joins this memorandum.

Judge Platt concurs in the result.

_(Footnote Continued)_ ————————————————

the Third Circuit concluded that Appellant "asserted sufficient arbitrary action under the equal protection clause and thus stated a sufficient claim upon which relief could be granted to survive dismissal under Fed. R. Civ. Pro. 12(b)(6)." **Weimer v. Horn**, 216 F.3d 1078 (3d Cir. 2000) (unpublished opinion).

However, Appellant has not been continuously incarcerated since that decision was issued. Appellant is currently incarcerated on different charges for numerous sexual offenses against minors for which he was sentenced in 2011, and which are unrelated to his 1992 plea. Consequently, we have no doubt that Appellant is now properly classified as a sexual offender, and the Third Circuit's ruling from 2000 is immaterial to that question for that reason. The Third Circuit's decision also does not address, and/or is completely distinct from, Appellant's specific predicament, which concerns whether he should be compelled to admit to the allegations underlying the 1992 _nolle prossed_ charges in order to comply with the current sexual offender treatment program.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/9/2015</u>